## PERFECTION MFG. CO. v. B. COLEMAN SILVER'S CO.

## B. COLEMAN SILVER'S CO. v. PERFECTION MFG. CO.

(Circuit Court of Appeals, Seventh Circuit.   January 10, 1921.)

Nos. 2816, 2852.

**Trade-marks and trade-names** ⬅➡85(1)—**Dishonest business methods bar equitable relief against infringement.**

A complainant who made and sold an article under a trade-mark *held* barred from relief in equity against infringement and unfair competition by its own conduct in falsely representing to the trade that its article was protected by patent, and defendant *held* barred from cross-relief by its grossly dishonest business methods.

Appeals from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Perfection Manufacturing Company against the B. Coleman Silver's Company, and cross-bill by defendant.  From a decree dismissing the bill and cross-bill, both parties appeal.  Affirmed.

Appellant, Perfection Manufacturing Company, charges appellee with infringing its trade-mark No. 117,590 covering the word Rock-A-Bye, adopted May 3, 1916, and used on a canvas swing for babies which it manufactured and sold to the trade, and also charges appellee with unfair methods of competition.  Appellee denies the validity of appellant's trade-mark, denies unfair methods of business, and in a cross-complaint charges appellant with unfair business practices.

From a decree dismissing the bill and the cross-bill both parties appeal.

Howard G. Cook, of St. Louis, Mo., for Perfection Mfg. Co.

Samuel W. Banning, of Chicago, Ill., for B. Coleman Silver's Co.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge.   There is but one question—a a question of fact—requiring our consideration:  Has appellant so conducted its business as to justify the court in refusing it relief against appellee's misconduct?

As to the appellee's position, no possible view of the evidence can support any of its various grounds for relief.  Its business practices are so unworthy as to leave no alternative for the court.  To it certainly the doors of a court of equity should be closed.  For, not satisfied with copying appellant's swing and putting it on the market as its own, it simulated appellant's name and finally resorted to gross misrepresentations to the trade that find no semblance of justification in its explanations.

But appellee's gross misconduct will avail the appellant nothing if in the operation of its business, it, too, resorted to misrepresentations concerning a patent not justified in fact.  Dishonest business practices by an unscrupulous competitor cannot justify a resort to similar methods by one honestly conducting a legitimate business that has been worthily

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

developed. For dishonest or unworthy methods are not purged of their impropriety because they are adopted as a method of retaliation.

And this is unfortunately what occurred. Appellant resorted, in a milder way, to the unworthy practices of its rival. It tried to bulldoze the trade by misrepresentations concerning patent protection which did not exist. It circularized the trade asserting control of the baby swing that it sold when in fact no patent had been issued. In other ways which we need not recite it forfeited its right to the court's protection against the unfair and unworthy methods of its rival.

"He who comes into equity must come with clean hands." This maxim applies to the business man who has a legitimate business as well as to the business parasite who first steals another's name, then his business, and finally attempts to deceive the retail trade by false and fraudulent representations respecting the existence and the protection of a patent.

Appellant's misrepresentations heretofore referred to dealt with an article (a baby swing) which was also manufactured by a competitor and to which appellant applied its trade-mark. The defense of unclean hands, therefore, extends not only to the unfair methods of competition, but also to the alleged infringement of the trade-mark. Clinton E. Worden & Co. v. California Fig Syrup Co., 187 U. S. 516, 528, 23 Sup. Ct. 161, 47 L. Ed. 282; Manhattan Medicine Co. v. Wood, 108 U. S. 218, 2 Sup. Ct. 436, 27 L. Ed. 706; Pidding v. Howe, 8 Simons, 477; Leather Cloth Co. v. American Leather Cloth Company, 4 De G., J. & S. 137, 142, affirmed 11 H. L. Cases, 523; Hogg v. Maxwell, L. R. 2 Ch. 316; 26 R. C. L. 902–906.

The decree is affirmed.