# Blue Star Navigation Co. to use, Appellant, v. Emmons Coal Mining Corporation.

*Appeals—Premature appeal—Parties—Record—Contract—Evidence—Assignment of contract—Use-plaintiff—Pleadings.*

1. In a suit brought by a legal plaintiff to use, an appeal from a general verdict and judgment against plaintiff, is premature, if the record does not show which of the plaintiffs was adjudged to be liable.

2. Where a contract between a legal plaintiff and defendant expressly states it is entered into for the benefit of other parties, an action thereon, in case of an injury to such other parties, must be by the legal plaintiff to their use, but the litigation is really between the use-plaintiff and defendant, the evidence is limited to their respective rights, and recovery is had against one or the other of them, but not against the legal plaintiff.

3. Where a contract is performed or attempted to be performed by a legal plaintiff, who thereafter assigns all benefits under it to a use-plaintiff, the latter's right need not be traced in the pleadings, or, if stated, need not be proved at the trial.

4. Where, prior to performance, a contract is assigned by a legal plaintiff, to a use-plaintiff who undertakes to perform it, with the express or implied consent of defendant, the litigation, in case of breach, is really between the use-plaintiff and defendant, and one or the other of them becomes liable, but not the legal plaintiff, though the action, if begun by the assignee, must be in the name of the legal plaintiff to his use.

*Appeals—Assignments of error—Unimportant exceptions.*

5. Exceptions which cannot be important, should not be the subject of assignments of error.

Argued January 11, 1923. Appeal, No. 82, Jan. T., 1923, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1920, No. 633, on verdict for defendant, in case of Blue Star Navigation Co. to use of Ainesworth Coal & Iron Co. v. Emmons Coal Mining Corporation. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract. Before BARTLETT, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant for $5,199.06 on counterclaim. The use-plaintiff appealed.

*Errors assigned* were various rulings on evidence, quoting the bills of exceptions, and refusal to enter judgment for plaintiff n. o. v., quoting record,

*C. W. Van Artsdalen,* for appellant.—No recovery could be had against either the Blue Star Navigation Company or appellant for the reason that there is no "note or memorandum in writing......signed by the party to be charged or his agent in that behalf" nor was any part of the goods contracted to be sold accepted or received nor was there anything given in earnest to bind the contract as required by section 4 of the Sales Act of 1915, P. L. 543: Gano, Moore & Co. v. Coal Co., 28 Pa. Dist. R. 825; Mason-Heflin Coal Co. v. Currie, 270 Pa. 221.

No recovery can be had against appellant for the reason that if there had been a valid contract on which a recovery against the Blue Star Navigation Company could have been had, appellant is merely an assignee of the rights of the Blue Star Navigation Company and did not assume any liabilities which the Blue Star Navigation Company might have had under said contract: Mintz v. Gas Co., 259 Pa. 477; Backer v. Remov, 69 Pa. Superior Ct. 139; Hunter v. Henning, 259 Pa. 347; Beach v. Morris, 12 S. & R. 16.

When the buyer sues for nonperformance by the seller on a contract of sale he must set forth and prove his own performance has been the law not only since the Sales Act but long prior thereto: Phillips v. Car Co., 82 Pa. 368; Weaver v. Box Board & Paper Co., 246 Pa. 438.

*J. T. Manning, Jr.,* of *Conlen, Acker, Manning & Brown,* for appellee.—Appellant's objection that there was no memorandum in writing as required by section 4 of the Sales Act is not available to it in this case and cannot be supported on the evidence.

The judgment in this case properly stands against appellant: Lierz v. Morris, 19 Pa. Superior Ct. 73; Hibert v. Lang, 165 Pa. 439; Miller v. Kreiter, 76 Pa. 78; Northampton Bank v. Balliet, 8 W. & S. 311.

OPINION BY MR. JUSTICE SIMPSON, February 12, 1923:

The Blue Star Navigation Company, to the use of the Ainesworth Coal & Iron Company, brought suit against the Emmons Coal Mining Corporation to recover damages for failure to accept a cargo of coal which had been sold by the legal plaintiff to defendant, the contract for it being forthwith assigned by the former to the use-plaintiff, which undertook its performance. Defendant denied the breach of contract, and made a counterclaim, because of use-plaintiff's refusal to deliver the coal. The pleadings admitted the contract, which required certain documents to be produced by plaintiff prior to payment by defendant; that it was confirmed by a note or memorandum in writing; that defendant refused to pay, because all the documents were not produced; and that plaintiff immediately thereafter sold the cargo to a third party. The only issues, therefore, were, (1) Did plaintiff produce all the documents required? (2) What were the damages, if any, sustained by the party injured? At the trial plaintiff suffered a nonsuit, a general verdict was rendered for defendant, with a certificate in its favor, judgment was entered thereon, and plaintiff appeals.

The jury having found that plaintiff did not produce the documents required by the contract, and that defendant was justified in refusing payment because of this, the only arguable question, raised on the appeal, is whether or not defendant could recover a verdict against use-plaintiff, in view of the fact that there was no contractual relation between them; and the record is not in shape to have even this decided. As already stated, the verdict and judgment were general, and an execution could, therefore, have been properly issued against the assets of whichever of the plaintiffs was legally responsible; and, of course, not against those of the other. No assignment of error complains of any execution issued against either plaintiff, or of any refusal to limit the right thereto against the property of either; all of

them relate only to the occurrences at the trial, and to the refusal to enter judgment for plaintiff non obstante veredicto, so far as relates to the counterclaim.

Moreover, appellant has confused the different character of cases in which a use-plaintiff appears, and the varying liabilities growing out of them. There are three different kinds of such actions. (1) Where a contract is made between the legal plaintiff and defendant, largely for the benefit of other parties who may or may not be known at the time it is made, the legal plaintiff being interested only because it will aid in securing a proper performance. In this class,—of which Philadelphia v. Stewart, 195 Pa. 309; Philadelphia to use v. McLinden, 205 Pa. 172, and Philadelphia v. Neill, 211 Pa. 353, are representatives,—if there is a breach injuring the third party, suit must be brought in the name of the legal plaintiff to the use of such third party; the litigation is really between the use-plaintiff and defendant; evidence is limited to their respective rights, and recovery is had accordingly.

(2) The next class embraces the cases where the contract is performed, or attempted to be performed, by the legal plaintiff, who thereafter assigns its benefits, if any, to the use-plaintiff. In this class, the latter's right need not be stated in the pleadings, or if stated, need not be proved at the trial; the entire litigation is between the legal plaintiff and the defendant: Montgomery v. Cook, 6 Watts 238; M'Kinney v. Mehaffey, 7 W. & S. 276; Guaranty Co. v. Powell, 150 Pa. 18; Com. v. Phila., 193 Pa. 236.

(3) The final class (and to this the present litigation belongs), is where the contract is between the legal plaintiff and the defendant, but the former's rights have been assigned to a use-plaintiff, who undertakes performance, defendant expressly or impliedly consenting to the assignment and thereafter dealing with the use-plaintiff only. In this class of cases the verdict and judgment, if for plaintiff, is payable to the use-plaintiff; if for de-

fendant, is payable by the use-plaintiff, who breached the contract.

It is said in 5 Corpus Juris 977, "the assignee of a contract who acquires the right to enforce the *executory* provisions thereof, or to recover damages for the breach, assumes the burdens which are imposed upon the assignor by the contract, as the consideration for the performance by the other party." This is stated also, somewhat briefly, in Lierz v. Morris, 19 Pa. Superior Ct. 73, 75, is a necessary conclusion growing out of the doctrine of mutuality of liability, and is in accord with our policy in matters of set-off, in order to avoid circuity of action: Hibert v. Lang, 165 Pa. 439.

In this class of cases, it is only because there is no statute authorizing a use-plaintiff to sue in his own name (this not being covered by the Act of May 28, 1715, 1 Sm. Laws 99), that he is compelled to use the name of the legal plaintiff. Otherwise, as the performance, if there was one, was his, he could sue in his own name; just as the legal plaintiff might be ignored if there was a breach and the use-plaintiff alone sued, because it was his fault only.

The other assignments of error are overruled. They present no question requiring special consideration; and hence we need only add that, if a reasonable attention had been given to the subject, most of them would not have been argued. One complains because the assignment of the contract was admitted in evidence, on application of defendant; yet it was pleaded in and a copy attached to the statement of claim, was proved by the testimony of the president of the use-plaintiff, who was also vice-president of the legal plaintiff, and was twice admitted in evidence on motion of plaintiffs. Another objects because the court refused to charge that there was no sufficient note or memorandum in writing to comply with the requirements of section 4 of the Sales Act; yet the statement avers and the affidavit of defense admits that a letter attached to the former had that effect,

and even a slight consideration of it shows this is so. Three others aver that the court erred because it did not charge the jury that defendants could not recover, because they had not proved a tender of the purchase price of the coal before suit brought; whereas in both pleadings it was averred that plaintiff had theretofore sold it to a third party, and hence a tender would have been a useless and unnecessary formality. The other assignments are equally futile, but nothing would be gained by here reviewing them.

In the heat of conflict before a jury, quite commonly all sorts of objections are made and exceptions taken; but, the blood having cooled, all those which are not important should be carefully weeded out, before the assignments of error are filed or the appeal argued.

The judgment of the court below is affirmed.