## WYATT v. MADDEN.

Court of Appeals of District of Columbia. Submitted February 5, 1929. Decided May 6, 1929.

No. 4718.

Edmund D. Campbell and Charles A. Douglas, both of Washington, D. C., for appellant.

Mark P. Friedlander and Arthur R. Pilkerton, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment for the plaintiff (appellee here) in the Supreme Court of the District under Rule 73, for want of a sufficient affidavit of defense.

Plaintiff conveyed his equity in property known as 1429 Columbia Road, N. W., to defendant, receiving therefor two promissory notes for $10,000 each.

Defendant in her affidavit alleges: "That she was induced to execute and deliver to the plaintiff the said notes and the said deed of trust securing the same, in reliance upon certain material representations made by plaintiff through his duly authorized agent to the defendant, which representations were false and their falsity was known to plaintiff through his duly authorized agent at the time said representations were made; that said false representations were made to defendant with intent that they would be acted upon by defendant; that said representations were to the effect that the said premises 1429 Columbia Road, N. W., would be conveyed and delivered by the plaintiff to the defendant, subject only to a first trust of $90,000 due three years after date and to a second trust of about $41,500, payable $550.00 per month, including interest at 6% and to a third trust of about $2,250, payable $75.00 per month, including interest at 6% and to a fourth trust of $23,000, payable $200.00 per month until paid; that said apartment property contained thirty-two apartments and was rented for $22,500 per annum; that there was no restriction upon the collection of rents of said property; and that the defendant would receive from the plaintiff the sum of approximately $5,500 in cash by way of adjustment credits in the aforesaid purchase; that the aforesaid representations were false in that the first deed of trust of said apartment property for $90,000 as aforesaid had less than two years to run instead of three years, as represented to the defendant; and in that the said property, when conveyed to the defendant, was subject to a fifth deed of trust of $4,000, in addition to the four trusts specified above; and in that the said property, instead of being rented for $22,500 per annum, was in truth and in fact rented for less than $22,000 per annum and could not be rented for more than

said sum and in that said property was subject to certain covenants and restrictions not provided in said contract to the effect that H. L. Rust Company should collect rents from said property and should withhold all moneys therefrom until the fourth deed of trust thereon of $23,000 was paid; and in that there was never paid nor intended to be paid to the defendant by the plaintiff the sum of approximately $5,500, or any other sum, which was due to the defendant by the plaintiff by way of adjustment of credits as aforesaid; that had the defendant known of the falsity of the aforesaid representations as aforesaid, she would never have executed and delivered her notes for $20,000, or the deed of trust securing the same to the plaintiff; that by reason of said false and fraudulent representations the fair market value of the said property at 1429 Columbia Road, N. W., instead of being considerably greater than the amount of the encumbrances thereon, including the deed of trust securing defendant's purchase money notes for $20,000 as aforesaid, was in truth and in fact worth less than the amount of the encumbrances thereon, exclusive of the deed of trust for $20,000 given by defendant to plaintiff as aforesaid; and that by reason of the aforesaid false and fraudulent misrepresentations the defendant has been damaged by the plaintiff in a sum considerably in excess of the amount of her said notes to the plaintiff, to wit, in the amount of $25,000."

The enforcement of Rule 73 deprives a defendant of a trial on the merits. Therefore, we have ruled that plaintiff's affidavit must be strictly construed. St. Clair v. Conlon, 12 App. D. C. 161, 163; Riley v. Mattingly, 42 App. D. C. 290, 294. An affidavit of defense, on the contrary, is to be liberally construed, and, if its terms reasonably warrant the inference that the defendant has a substantial defense to plaintiff's claim, summary judgment ought not to be entered. Codington v. Standard Bank, 40 App. D. C. 409; Lawman v. Johnston, 42 App. D. C. 202. In the light of these decisions, we are of the opinion that the court erred in entering summary judgment in this case.

Plaintiff's suit is based upon defendant's default in payment of notes. Defendant alleges, in effect, that she was induced to execute these notes through material misrepresentations, known to be false, and made for the purpose of inducing action on her part. By moving for judgment, plaintiff admits every material averment in the affidavit of defense.

One who has been induced to enter into a contract by false and fraudulent representations may rescind the contract; or he may affirm it, keeping what he has received under it, and maintain an action to recover damages he has sustained by reason of the fraud; or he may set up such damages as a complete or partial defense if sued on the contract by the other party. 13 C. J. 395; 12 R. C. L. p. 408, § 154; Passaic National Bank v. Commercial National Bank, 49 App. D. C. 146, 262 F. 234.

The materiality of the alleged false statements can best be determined by a trial on the merits. In Shappirio v. Goldberg, 192 U. S. 232, 241, 24 S. Ct. 259, 261 (48 L. Ed. 419), the court observed that: "There are cases where misrepresentations are made which deceive the purchaser, in which it is no defence to say that had the plaintiff declined to believe the representations and investigated for himself he would not have been deceived." Whether this statement applies to the present case will depend upon the facts disclosed by the evidence.

The judgment is reversed, with costs, and the cause remanded for a new trial.

Reversed.