### E. Z. Heating Co., to use, Appellant, *v.* Rubin.

Argued October 13, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*William N. Ottinger,* for appellant, cited: Neville v. Kretzschmar, 271 Pa. 222; Murphy v. Pinney, 86 Pa. Superior Ct. 458, Gianni v. Russell & Co., Inc., 281 Pa. 320.

*Elihu A. Greenhouse,* and with him *Edward Davis,* for appellee.—An application to open a judgment entered on a warrant of attorney is addressed to the discretion of the court, and is to be disposed of according to equitable principles. Bates v. Kick, 83 Pa. Superior Ct. 273; Spiess v. Mooney, 67 Pa. Superior Ct. 9.

Opinion by Baldrige, J., December 16, 1932:

We find no merit in this appeal from the order of the learned court below opening a judgment and allowing defendants to enter defense.

The E. Z. Heating Company and defendants entered into a contract, consisting of two sheets of paper simultaneously executed and attached to each other. The first sheet of the contract was a bailment lease for a certain device intended to produce heat more economically. The second sheet contained a guaranty that if this device failed to effect a saving of 25 per cent in fuel oil between November 1, 1930, and December 31, 1930, over the corresponding period of the year before, the lessor would immediately refund the amount paid by defendants, the unit would be removed, the plant restored to its former condition, and the lease cancelled and defendants relieved of all responsibility of any payments due thereafter. The guaranty further provided that the lease was not to be recorded unless there was a default in two monthly payments in succession.

The defendants petitioned to open judgment, averring that the guaranty as to the efficiency of the device had not been met, and, further, that the lease was entered before there was a default in two monthly payments. The first part only of the contract was assigned to the use-plaintiff, and it contends that the defense set up is not available as the assigned portion provided "that there are no conditions or covenants between the parties hereto otherwise than expressed herein." This position overlooks the fact that we are not dealing with a part of this contract. We must construe it in its entirety.

Considering the contract as a whole, the E. Z. Heating Company was not in a position to confess judgment, and its assignee is not in a more favorable position, as it assumed all the provisions of the contract and is subject to all the defenses as if it were unassigned: Rider v. Johnson, 20 Pa. 190; Blue Star Navigation Co. v. Emmons Coal Mining Corp., 276 Pa. 352, 120 A. 459; Stokes v. Dewees, 24 Pa. Superior Ct.

471. Nor does the fact that the assignee had no knowledge of the guaranty alter its position, as the defendants denied that they agreed to the assignment to the use-plaintiff of the first part of the agreement without the guaranty: Eldred v. Hazlett's Adm., 33 Pa. 307. Nor do the two payments made by defendants, subsequent to their complaining of the failure of the contrivance to give the results as represented, estop them from raising a breach of the guaranty, as they testified that those payments were made before they knew of the entry of judgment and so that judgment would not be entered against them.

An appeal to open judgment was directed to the sound discretion of the court, which, in our view, was, in this case, rightly exercised.

Order is affirmed.