**ART METAL CONST. CO., for Use of Mc-CLOSKEY & CO., Inc., v. LEHIGH STRUCTURAL STEEL CO.**

Civ. A. No. 91.

District Court, E. D. Pennsylvania.

Feb. 18, 1941.

Edward P. Smith, of Philadelphia, Pa., for plaintiff Art Metal Const. Co.

Edward J. Mingey, of Philadelphia, Pa., for plaintiff McCloskey & Co., Inc.

Charles H. Weidner and Stevens & Lee, all of Reading, Pa., for defendant.

KIRKPATRICK, District Judge.

These are motions by the plaintiff for summary judgment and to reinstate its former motion for judgment on the pleadings. Inasmuch as the pleadings set forth in great detail all the material transactions involved in the suit, no affidavits have been filed with the motion for summary judgment and none are necessary. The two motions raise substantially the same question and may be considered together.

The defendant's contention is that the answer raises a genuine issue of fact, namely, that the assignment of the Bauman-McCloskey contract to Lehigh was for collateral security only and consequently that the parties to it did not intend or contract that Lehigh should assume Bauman's obligation to pay subcontractors. The answer does, undoubtedly, raise this issue. If it is a material one, the defendant is entitled to trial upon it. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

I think that it is material and that its consideration has not been foreclosed by the decision of the Circuit Court of Appeals, 3 Cir., 116 F.2d 57, 58.

■ It seems to me that the plaintiff, in arguing that the Circuit Court of Appeals has settled the question presented, loses sight of the exact question which was before that Court and that the argument extends the scope of that decision beyond what was actually involved. The appeal upon which the decision was given was from a judgment for the defendant entered by this Court upon a motion by the defendant for judgment on the pleadings. The question was merely whether the complaint pleaded a valid cause of action, and the Circuit Court of Appeals so stated. The decision was that it did, and the Court reversed the judgment of this Court and remanded the cause for further proceedings.

■ The complaint pleaded and set forth the assignment from Bauman to Lehigh, which the Circuit Court of Appeals described as "a full and complete one * * * [without] qualifying words." The appellate Court had no occasion to consider the averments of the answer which are now before me. In ruling that, upon the facts as stated in the complaint, Lehigh must be taken to have assumed all the duties of Bauman under the Bauman-McCloskey contract, including the obligation to pay Bauman's subcontractors, the Court expressly based its decision upon the Restatement of Contracts, Sec. 164(1) (2). The rule as there stated, to the effect that acceptance of the assignment of a bilateral executory contract will be interpreted as an assumption of the assignor's duties by the assignee, is subject to the qualification, "in the absence of circumstances showing a contrary intention."

■ One circumstance pleaded by the defendant which, on its face, appears to show a contrary intention is that Lehigh returned to Bauman money received by it under the Bauman-McCloskey contract in excess of the amount to which it was entitled for the structural steel work supplied by it to Bauman under its contract with Bauman. (Amended Answer, paragraph 38.) Whether or not all the circumstances of the assignment show an intention that Lehigh was not to assume Bauman's obligation to subcontractors is an issue for trial.

The effect of the parol evidence rule upon the proof of some or all of the facts upon which the defendant relies is a question which, I believe, can be best determined upon a development of the entire situation. But reference may be had to the decision of the Supreme Court of Pennsylvania in Fryer v. Richel, 1 Walk. 470, in which it was held that an assignment absolute on its face may be shown by parol to be only intended as a collateral security.

The plaintiff's motions are denied.