**BURLEY et al. v. ELGIN, J. & E. RY. CO.**

**No. 8249.**

Circuit Court of Appeals, Seventh Circuit.

Nov. 10, 1943.

Rehearing Denied March 14, 1944.

John H. Gately and Gerald J. Koptik, both of Chicago, Ill., for appellants.

Paul R. Conaghan, of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge..

Prior to July 24, 1934, the plaintiffs-appellants were employed as switching crews in the yards of the Standard' Oil Company at Whiting, Indiana. The defendant-appellee took over the operations in the yards and employed the plaintiffs as switching crews.

The complaint alleges that the plaintiffs were members of the Brotherhood of Railroad Trainmen, and that the defendant and the plaintiffs agreed that as to rates of pay, hours, and working conditions, the parties should be governed by a schedule or agreement then in force between the defendant and its employees, which had been negotiated by the Brotherhood of Railroad Trainmen as a representative of the switching crews of the defendant. It was alleged that Article 6 of the schedule or agreement provided that the switch engines should start from a certain place at a certain time; that this Article 6 was by agreement of the plaintiffs and the defendant suspended for the first thirty days of the employment of the plaintiffs by the defendant, and that after the expiration of the said thirty-day period and until November 14, 1938, the defendant violated said Article 6; that for the defendant's failure to observe Article 6, it became liable, under the terms of the agreement and in accordance with the established practice among railroads, to pay the plaintiffs as damages for each day's violation an additional day's pay at time and one-half. The sufficiency of this complaint was raised by a motion to dismiss.

490

■ We think the complaint states prima facie a cause of action. It is alleged that it is the duty of the defendant to observe Article 6 of the employment schedule or agreement, and that the defendant has violated Article 6, and by reason of such violation, the plaintiffs are entitled to damages; and that the amount of the damages is fixed "in accordance with the established practice among railroads and employees thereof, and as provided in said Article 6 of said agreement as aforesaid." Article 6 is set forth in the complaint and contains no provision for damages in the event of its violation, or the measure thereof. It was contended by the defendant that the custom and usage relied upon to measure the damages was not sufficiently alleged. We think that the allegation of the custom and usage was sufficient to withstand a motion to dismiss. Lemos v. Madden, 28 Wyo. 1, 200 P. 791. Certainly, under the liberal practice of pleading permitted under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this allegation is sufficient.

■ It was also contended by the defendant that there was no allegation that the defendant knew of this custom and usage. It has been held by us that parties to a contract engaged in the same trade will be presumed to have contracted with reference to, and to have knowledge of, all lawful usages of that trade. Western Petroleum Co. v. Tidal Gasoline Co., 284 F. 82, 84. The allegation of knowledge on the part of the defendant was not necessary, as the plaintiffs and the defendant were engaged in the same industry, and an allegation showing the fact of such relationship is sufficient.

At the time the defendant filed the motion to dismiss, it set forth in a pleading accompanying the motion the defense that any claims the plaintiffs might have had were compromised and settled by the plaintiffs' agents, who were the Chairman and the Secretary of the Grievance Committee of the Brotherhood of Railroad Trainmen, the bargaining agents for the plaintiffs. Affidavits and certain documents were attached to this hybrid pleading, and a motion to strike it was filed by the plaintiffs.

■ Thereafter, the defendant filed a motion for summary judgment. The plaintiffs then filed a reply to this motion, in which it was alleged the said bargaining agents were not authorized to negotiate, compromise, and settle any claims the plaintiffs might have for damages for violation of Article 6, and that their authority was limited "to prosecuting a complaint before the Board to compel the defendant to comply with Article 6." Affidavits, by-laws, and the constitution of the labor organization were exhibited. The defendant filed its reply to the plaintiffs' motion to strike and to the counter-affidavits of the plaintiffs. The District Court granted the defendant's motion for summary judgment.

Was the defendant entitled to summary judgment? We think the motion should not have been granted, because it seems clear to us that this record presents a question of fact as to whether a compromise of the claims relied upon in the plaintiffs' complaint had been compromised by the plaintiffs' agents. This depends upon the authority of the so-called agents of the plaintiffs to negotiate, compromise, and settle plaintiffs' claims for damages for the violation of Article 6. The plaintiffs admit they authorized the bargaining agents to negotiate, which carried with it the right to compromise and settle, the question of what the defendant was going to do about the observance of Article 6. But the plaintiffs deny that they ever gave authority to the bargaining agents to negotiate, compromise, and settle their claim for damages for past violations of Article 6.

■ The procedure for summary judgment was intended to expedite the settlement of litigation where it affirmatively appears upon the record that in the last analysis there is only a question of law as to whether the party should have judgment in accordance with the motion for summary judgment. If there was any question of fact presented on the record in the proceedings for summary judgment, the motion could not be sustained. Campana Corporation v. Harrison, 7 Cir., 135 F.2d 334, 336. Because we think this record affirmatively shows there was an issue of fact, the motion for summary judgment should not have been granted.

The judgment is reversed, and the cause remanded, with instructions to proceed in accordance with this opinion.

Rehearing denied; KERNER, C. J., dissenting.