PURITY CHEESE CO. v. FRANK RYSER
CO. et al.

Civil Action No. 1500.

District Court, E. D. Wisconsin.

Sept. 14, 1944.

Casanave Young, of Milwaukee, Wis., for plaintiff.

Lines, Spooner & Quarles, of Milwaukee, Wis. (Carlson, Pitzner, Hubbard & Wolfe, of Chicago, Ill., of counsel), for defendants.

DUFFY, District Judge.

This is an action for trade-mark infringement and unfair competition, praying for equitable relief. Defendants move for summary judgment on the ground that plaintiff's pleadings, consisting of complaint and bill of particulars, prove it comes into court with unclean hands.

The bill of particulars indicates that the United Cheese Company of Chicago is acting as distributor for plaintiff's goods, and that on or about September 1, 1942, plaintiff licensed said distributor to use its trade-mark "May-Bud" on labels of its own design bearing the name "United Cheese Company—Distributors." Plaintiff further asserts that the label Exhibit A (attached to the complaint), containing the trade-mark "May-Bud," had been applied to Gouda cheese manufactured by it, and that the label Exhibit B (attached to the complaint), containing said trade-mark, had been applied by the United Cheese Company to another kind of cheese (loaf Edam cheese) manufactured by others than the plaintiff, but specifically by whom plaintiff has no knowledge.

■ It is well established that a trade-mark or trade name cannot be licensed or assigned except as an incident to the sale of the business and good will in connection with which it has been used. United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 98, 39 S.Ct. 48, 63 L.Ed. 141.

■■ A trade-mark is an indication of origin. The primary and proper function of a trade-mark is to identify the origin or ownership of the article to which it is affixed. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 412, 36 S.Ct. 357, 60 L.Ed. 713. When the plaintiff permitted the United Cheese Company to use its trade-mark "May-Bud" on cheese manufactured by others, the identity of whom it had no knowledge, it was party to a fraud committed against the public, and as a result it now is in no position to invoke the aid of a court of equity to protect that trade-mark. Everett O. Fisk and Co., Inc., v. Fisk Teachers' Agency, Inc., 8 Cir., 3 F.2d 7; MacMahan Pharmacal Co. v.

Denver Chemical Manufacturing Co., 8 Cir., 113 F. 468, 474.

■ The complaint alleges in Paragraph 3: "This is a suit in equity for infringement of registered trade-mark No. 389,171, and for unfair competition in trade." It also alleges diversity of citizenship and the jurisdictional amount. Since plaintiff has no standing in court on his claim of trade-mark infringement, the question remains whether he is entitled to equitable relief on his claimed cause of action for unfair competition.

No separate cause of action for unfair competition is set forth in the complaint. The allegation as to expense for trade promotion specifically refers to the trade-mark "May-Bud". There is, however, an allegation that defendants had acted as sales agents for plaintiff from September, 1939, to June, 1942, and as such sold plaintiff's cheese under the trade-mark "May-Bud"; that after they no longer represented plaintiff as sales agents they adopted the trade name "May Cheese" for the sole purpose of fraudulently and deceptively causing such goods made and sold by defendants to be confused with that made and sold by plaintiff; that the defendants passed off their goods as goods made by or having the same origin as the goods sold by the plaintiff under its trade-mark "May-Bud"; and that the public has been deceived.

Although the complaint deals almost entirely with claimed trade-mark infringement, a liberal construction of the pleading and giving every presumption to the pleader permits the conclusion that a cause of action for unfair competition is stated.

But does plaintiff's misuse of its trade-mark preclude it from obtaining equitable relief on its cause of action for unfair competition? In the case of Hazlett v. Pollack Stogie Co., et al., 3 Cir., 195 F. 28, 39 L.R.A.,N.S., 632, one Pollack had originated "Pollack Stogies"; after his death the administrator of his estate carried on the business, misleading the public to believe Pollack still lived. The court held that he was not entitled to restrain unfair competition and infringement of trade-marks having come into court with unclean hands.

■ It is the rule that where a business is carried on and trade-marks or devices have been used in a deceptive manner, such business will not be protected

upon the ground of unfair competition no matter how plain a defendant's fraud may be and although a proper case for relief is made out in all other respects. 63 C.J. 419.

█ In a case in this circuit (Perfection Manufacturing Co. v. B. Coleman Silver's Co., 7 Cir., 270 F. 576, 577), in an opinion by Judge Evans, the court stated: "* * * The defense of unclean hands, therefore, extends not only to the unfair methods of competition, but also to the alleged infringement of the trade-mark. * * *" It follows that the converse is also true, and that plaintiff cannot maintain its action for unfair competition.

The motion of the defendants for summary judgment will be granted.