**PURITY CHEESE CO. v. FRANK RYSER CO. et al.**

**No. 8760.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 25, 1946.

MAJOR, Circuit Judge, dissenting.

———◆———

S. L. Wheeler, of Milwaukee, Wis., for appellant.

Louis Quarles, of Milwaukee, Wis., and Richard Russell Wolfe, of Chicago, Ill. (Carlson, Pitzner, Hubbard & Wolfe, of Chicago, Ill., and Lines, Spooner & Quarles, of Milwaukee, Wis., of counsel), for appellees.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff filed its complaint against defendants for infringing its registered trade-mark "May-Bud" and for unfair competition. Defendants move for summary judgment. The District Court sustained the motion and entered a judgment for costs against plaintiff. From that judgment, this appeal is prosecuted.

The complaint and bill of particulars alleged that since July 12, 1940, plaintiff has used its trade-mark in connection with dairy products and more particularly cheese; that from September, 1939, to June, 1942, defendants acted as sales agents for plaintiff and as such agents sold plaintiff's cheese under its trade-mark "May-Bud"; that on September 1, 1942, plaintiff licensed its distributor, United Cheese Company, to use the trade-mark "May-Bud" on labels of its own design and that some cheese sold under the resultant label has been manufactured elsewhere, but plaintiff has no knowledge by whom; that goods bearing the label have been shipped continuously by the distributor since September, 1942; that for the sole purpose of fraudulently and deceptively causing the goods made and sold by defendants to be confused with those made by plaintiff, defendants have sold and are offering for sale under the designation "May Cheese" goods similar to those manufactured and sold by plaintiff under its trade-mark "May-Bud"; that the public and purchasers in general have been deceived by said designations; and that defendants have thereby greatly injured and depreciated plaintiff's trade.

The court's decision in our case was based upon the view that the complaint and bill of particulars disclosed "such unclean hands as to disentitle it [plaintiff] to relief in the premises."

To sustain the judgment defendants contend that when plaintiff permitted the United Cheese Company to use its trade-mark on cheese manufactured by others, it was party to a fraud committed against the public and that it now is in no position to invoke the aid of a court of equity to protect that trade-mark.

In our view the question presented is whether the complaint and particulars, standing alone, furnished adequate factual basis for a summary judgment of dismissal.

■■ In considering a motion for summary judgment, the pleadings upon which the motion is based are to be liberally construed in favor of the party opposing the motion, Wyatt v. Madden, 59 App.D.C. 38, 32 F.2d 838, and the facts alleged must be taken as true. Art Metal Construction Co. v. Lehigh Structural Steel Co., 3 Cir., 116 F.2d 57; Galbreath v. Metropolitan Trust Co., 10 Cir., 134 F.2d 569. The motion should be sustained only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and Burley v. Elgin, J. & E. Ry. Co., 7 Cir., 140 F.2d 488, 490.

In the instant case the pleadings do not disclose the nature of the license issued to plaintiff's distributor or the circumstances

under which it was granted. All that does appear is that some cheese not of plaintiff's manufacture was sold by plaintiff's distributor under a label designed by the distributor.

■ A trade-mark may be assigned, licensed, or lent, as long as it remains associated with the same product or business with which it has become associated in the public mind, E. F. Prichard Co. v. Consumers Brewing Co., 6 Cir., 136 F.2d 512, and this court has held that there appears to be no legal obstacle either to a retailer assigning his trade-mark to the manufacturer of the article sold by the retailer or to a manufacturer assigning his trade-mark to one who sells the goods of the manufacturer. Corral, Wodiska y Ca. v. Anderson, Thorson & Co., 7 Cir., 95 F.2d 11, 14. It has recognized the right of a sales agent to use the manufacturer's trade-mark, United States Ozone Co. v. United States Ozone Co. of America, 7 Cir., 62 F.2d 881. See also Smith v. Dental Products Co., 7 Cir., 140 F.2d 140; Hicks v. Anchor Packing Go., 2 Cir., 16 F.2d 723, Morand Bros., Inc. v. Chippewa Springs Corp., 7 Cir., 2 F.2d 237. The fact that plaintiff was not the actual manufacturer of the cheese upon which its distributor was permitted to place the label in question, does not deprive plaintiff of the right to be protected in the use of its trade-mark. Menendez v. Holt, 128 U.S. 514, 520, 9 S.Ct. 143, 32 L.Ed. 526. Moreover, there is a presumption that plaintiff's hands are clean. L. P. Larson, Jr., Co. v. Lamont, Corliss & Co., 7 Cir., 257 F. 270, 273.

Hence, under the circumstances here appearing, we think the court erred in sustaining the motion for a summary judgment.

The judgment of the District Court is reversed and the cause is remanded for further proceedings. It is so ordered.

MAJOR, Circuit Judge (dissenting).

It seems to me that the majority opinion is based upon what plaintiff contends it would show at a trial, rather than upon what was disclosed by the pleadings upon which summary judgment was entered. In fact, that is the manner in which plaintiff's counsel in its brief approaches the question here. This is evidenced by a recital of what plaintiff now "offers to prove."

Plaintiff in response to a motion for further and better particulars stated: "On or about September 1, 1942 plaintiff licensed its distributor United Cheese Co. of Chicago, Illinois to use the trade-mark 'May Bud' on labels of its own design bearing the name United Cheese Co. Chicago-Distributors, and some cheese sold under the resultant label (plaintiff's Exhibit B), has been manufactured elsewhere, but plaintiff has no knowledge by whom." In other words, according to this admission, plaintiff permitted its trade-mark to be used upon a product not manufactured by it, not even by its distributor, but manufactured by some unknown party. Thus the trade-mark was used without regard to the source or origin of the product.

As was stated in Hanover Star Milling Company v. Metcalf, 240 U.S. 403, 412, 36 S.Ct. 357, 60 L.Ed. 713: "The primary and proper function of a trade-mark is to identify the origin or ownership of the article to which it is affixed. * * * Courts afford redress or relief upon the ground that a party has a valuable interest in the goodwill of his trade or business, and in the trade-marks adopted to maintain and extend it. The essence of the wrong consists in the sale of the goods of one manufacturer or vendor for those of another."

Without citing or discussing the authorities further, it is my view that when the owner of a trade-mark permits its use upon a product the origin or source of which is unknown, the reason for its recognition ceases to exist. Under such circumstances the trade-mark no longer furnishes any protection to the owner. Such use also permits a deception and fraud upon the public who are entitled to rely upon it as signifying the origin and source of the product to which it is attached.

The reasoning of the majority and the cases cited in support thereof, in my opinion, evade the issue. None of these cases, as I read them, stand for the proposition that the owner of a trade-mark can permit its use upon goods of an unknown origin without forfeiting its right to enjoin some other party from its use. I agree with the opinion of the District Court, 57 F.Supp. 102, that the plaintiff under its own admission had no standing in a court of equity. I would affirm the judgment.