Cüief Justice Simpson
delivered the opinion of the Court.
The appellant was indicted in the Lexington City C'ourt, for an offence alleged to have been committed by him in the city of Lexington. The iildictment con- • tains two counts. Id the first he is chdrged with having committed an assault and battery bn the person of a female The second count is for aii assault and battery on the person of the samé female; with an iiitent to commit a rape. ■
The jury found him guilty of an assault, and assessed against him, a fine of one thousand dollars. A motion was made in arrest of judgment, upon the ground that the proceedihg should have been by warrant in the flame of thé bity, and not by indictment, and that the fine assessed should not have exceeded the sum of one hundred dollars. The motion in arrest of judgment was overruled, and the defendant has appealed to this Court.
It is assigned, for error, that the Court below, erred, in Overruling the appellant’s motion to arrest the judgment. The argument in support of this position isj that, by an ordinance of the city of Lexington, a person who commits a breach of the peace within the city, is subject to be punished by a fine not exceeding one hundred dollars, to be assessed by a jnry; that the of-fence of which the defendant was found guilty is á inere breách of the peace and nothing more, and that as the *26 offence is punishable under a city ordinance, no other punishment can be inflicted than that which the ordinance provides, the adoption of the ordinance being a virtual repeal of all laws imposing another or a different penalty.
Provisions of the act of 1840, in respect to the cityof Louisville and other cities in Kentucky: (3 Stat. Law, S71.)
The amendatory act of 1842: *3 Stat. Law, 244.)
The act of 4843: f¿trpAm)f
To enable us to test the merits of this argument, it becomes necessary to notice several legislative provisions upon the subject, asupon a correct construction of them, a solution of the question involved in it, mainly depends.
By an act passed in February, 1840, (3 Vol. Statute Laws, 571,) it was enacted, that “all the ordinances of the city of Louisville made, or to be made, not in violation of the constitution of this, or of the United States, shall be held to be valid and in full force, as though there was no legislative act upon the subject; and in suits or prosecutions under such or-dinances, the fines and penalties provided for shall be enforced, notwithstanding the existence of such legislative act.
That provision was contained in the first section of the act; and in the fifth section of the same act, it was enacted, “that the provisions of the first section of this act -shall extend to the city of Maysville, and to all other cities in the Commonwealth, in the same manner as if Maysville and the other cities had been named in conjunction with Louisville; and when the charter of the city of Louisville, or any other city vests powers in city authorities to regulate any subject by ordinance, on which the Legislature may have passed a law, the ordinance so passed shall be enforced in all respects as if no legislative act had been passed on the subject.”
In 1842, an act was passed, entitled, '“an act to reduce Hito one, and digest and amend the acts, and a-mendatory acts, incorporating the city of Lexington.” (Session acts. 1841, 1842, page 244.) The following sections of the act have a bearing upon the question under consideration:
“Sec. 41. The Mayor and Councilmen shall have ‘full power to pass all needful ordinances and by-laws for carrying into effect all the powers herein granted. *27 and executing all the provisions of this charter, with suitable penalties for the infraction of the same, not exceeding fifty dollars, except in cases of disturbances of religious-worship, riots, and breaches of the peace, where the penalty may be one hundred dollars,
Act of 1844-5.
“Sec. 71. All penalties for breaches-of the ordinances and by-laws of the city, shall be sued for by warrant in the name of the city, and be for its use.
“Sec. .63. The City Court shall have’ exclusive original jurisdiction in all prosecutions for violations of the ordinances of said city.
“Sec. 65. Said Court shall have concurrent jurisdiction with the Fayette Circuit Court in prosecutions by indictment, or presentment, for breaches of the' peace, nuisances, and violations of the statutes against gaming, occurring in the city of Lexington; and may cause to be summoned a grand jury to inquire into such of the offences cognizable in said Court, as ma}*- be indictable or presentable ; and proceedings shall be instituted and prosecuted in such cases in the same way that proceedings are had in the Circuit Court in similar cases, and the verdicts and judgments in such cases, shall be of the sume character, and for the same amounts with those rendered-in similar cases in the Circuit Court. But any person prosecuted to conviction, or acquitted, for a violation of the ordinances of the city, shall not be afterwards prosecuted by indictment or presentment, for file same offence, and vice versa”
By an act passed in 1845, (Session acts, 1844, 1845, page 198,) exclusive jurisdiction of all pleas of the Commonwealth arising within the limits of the city of Lexington, except cases of felony, was vested in the City Court.
In 1842, the Mayor and Board of Councilmen of the city of Lexington passed an ordinance, that any free person who shall commit a riot or breach of the peace, within the city, shall, for every such offence forfeit and pay to the city, a sum not exceeding one hundred dollars, to be assessed by a jury.
Superior Courts tyill not, ex offi-pip, taire notice pf customs, laws dr proceedings of inferiorCourts of litpited jurisdiction unlesswhen revising their judgments,'when justice rpquires they shoflja notice then}.
No bill of exceptions was filed ip the Court below* nor is the above ordinance made a part of the record j it [s therefore contended, that this Court cannot notice its existence, and consequently that the basis of' the appellant’s objection to the legality of the proceedings in the City Court is wholly destroyed. This preliminary question must be first.disposed of,
There are some things that Courts are bound to notice judicially. The Superior Courts however, will not eapofficityt&ke potice of the customs, laws, or proceedings of inferior Courts of limited jurisdiction, unless yjjhen reyiewing their judgments upon a writ of error, when for the purposes of justice they must - necessarily notice them; (1 Volume Chitty’s "pleadings, 252.), Now in deciding in this, case, whether the judgment qf the City Court is unsustained by law, and erroneous, it is indispensibly necessary to notice the by-laws, and ordinances pf the city, otherwise the Court will be unable tp give a correct opinion upon the subject, and the judgment of the Court, although it should dot be sanctioned by the laws under which the Court acted, cannot be Reversed-
In copsidering therefore, the argument against the propriety and correctness of the judgment of the City Court, and determining the question presented by it, we shall notice the foregoing city ordinance, and regard it as constituting a part of the law of that Court. Does, this city ordinance provide a penalty for the same of-, fence, of which the appellant was foqnd guil(ty ? If so, does the existence of the ordinance operate as a repeal, orsuperpede thp law of the land prescribing a different jnode of proceeding for the punishment of the same pf-fpnce, ordo both laws exist in full force, subject onlytp, the limitation, that a conviction or acquittal under one of them shall preclude a proceeding against the same person, for the same offence under the other?
A breach of the peace is incidental to the commission of every assault and battery. Although therefore an assault and battery includes more than a mere breach *29 of the peace, because it endaqgprs persona] security, yet being a breach pf the peace, it may he punished qs such, and should be regarded as comprehended within the true.import of the city ordinance. Conceding thqt the ordinance embraces assaults and provides a penalty for their commission as breaches of the peace, thp inquiry arises, does it havg the effect attributed to it, of superseding within the city limits, the law of the state upop the,same subject.
A power vested by the Legislature in a city cor poration to make by laws for its government, and the regulation of its own police— cannot be considered as imparting by implication ^ power to repeal the laws of the State, or supersede then) by any of its o)-4 dinances.
A power vested by legislation in a city corporation to make by-laws for its pwn government, and the regulation of its own police, cannot be construed as imparting to it, the power tp repeal the laws in force, or tp supercede their operation by any pf its ordinqnces. Such power if not expressly conferred, cannot qj'ise by mere implication, unless the exercise of' the power giv-eq, be inconsistent with the previous law, and does qe-cpssarily operate as its repeql pro tanto. Nor can the presumption be indulged, that the Legislature intended that an ordinance passed by the city, should be superior tp, and take the place pf, the general law of the State qpon the same subject.
As many acts, which if committed out of the limits pf the corporation, would be in a great degree, or wholly harpnless, and therefore not regarded as public of-fences by the law of the State, but which occurring Within the city, wear a different aspect, and may be inconsistent with the public safety, or with good order j qnd as others which are denounced by law as public offences, might, if committed within the limits of the city be also an offence peculiar to the city, an authority in the corporation to make by-laws inflicting penalties upon offenders in such pases, is indispensibly necessary for the security of it§ inhabitants, and the preservation of good order. As, howpyer, a doubt may have existed whether a city could by its ordinance inflict a different penalty for an offenpe punishable by law, from that which the law itself iiqposed, the passage of the act of 1840 may Ijave been deemed ijpcessary for tfre solution *30 0f that doubt. This act by declaring that when a city charter vests powers in the city authorities to regulate any subject by ordinance, on which the Legislature may have passed a law, the ordinance so passed shall be enforced in all respects as if no 'legislative act had passed upon the subject, clearly manifested the intention of the Legislature to be, to make such an ordinance valid and enforceable, whether at its passage the law in force upon the same subject, was the common law or a legislative enactment. But although 'it in effect declares that the ordinance shall be. enfoi'ced, as if there were no other law upon the same subject, yet it does' not declare that its passage shall operate as a repeal of the previous law, nor do we think that the Legislature intended to impart to it such an effect.
If, however, any doubt exists upon this point, eonsid, ering the act of 1840 by itself, that doubt is removed, so far as the city of Lexington is concerned, by the act of 1842, reducing into one, the acts and amendatory acts incorporating the city of Lexington. The 65th section of that act, after declaring that the City Court shall have concurrent jurisdiction with the Fayette Circuit Court in prosecutions by indictment or presentment, for breaches of the peace, nuisances, and violations of the statutes against gaming, occurring in the city of Lexington, and that proceedings shall be instituted and prosecuted in such cases in the same way that proceedings are had in the Circuit Court in similar cases, and that the verdicts and judgments shall be of the same character, and for the same amounts with those rendered in similar cases in the Circuit Court; expressly provides, that any person prosecuted to conviction or acquittal for a violation of the ordinances of the city, shall not be afterwards prosecuted by indictment, or presentment for the same offence, and vice versa. It is thus apparent, that the Legislature considered the previous law as still remaining in full force, notwithstanding the passage of a city ordinance upon the same subject, This legislative construction would be enti- *31 tied, to great weight in determining the meaning and effect of the act of 1840, if the case had to depend upon the provisions of that act alone. We however regard the act of 1842, not only as indicating a legislative construction of the effect of a city ordinance passed in pursuance of an express power vested by the Legislature in the city authorities, upon the law previously in force upon the same subject, but also as declaring, by necessary implication, that the previous law shall continue in full force, notwithstanding the passage of the city ordinance regulating the same subject.
The passage of an ordinance by the city of Lexington, authorizing a fine of 100 dollars for a breach, of the peace, did not repeal the common law, which authorizes afine1 at the discretion of a jiuyby the authority of the City Court.
Robertson for plaintiff; Harlan, Atto. Gen., for Commonwealth.
The result therefore is, that if the city ordinance provides a penalty for .the commission of an assault and battery within the' city,’ it does not repeal or supercede the law previously in force upon the same subject. Either law may be enforced, but a conviction under one, is a bar to a proceeding under the other. A proceeding to enforce the city ordinance must be by warrant in the name of the city *, but a proceeding to enforce the general law must be by presentment or indictment. In the former case the amount of the judgment is determined by the city ordinance; in the latter it is regulated by the law of the land, as if no ordinance had been passed upon the subject.
It follows according to the views here expressed that the City Court did not err in overruling the motion of the appellant to arrest the judgment.
Wherefore the judgment is affirmed.