[Crim. No. 11.   Second Appellate District.—May 27, 1905.]

## Ex Parte WILLIAM CHILDS, on Habeas Corpus.

HABEAS CORPUS—VIOLATION OF COUNTY ORDINANCE—SUFFICIENCY OF COMPLAINT.—A complaint charging a defendant with the violation of a county ordinance for selling liquors at retail without a license does not fail to state an offense merely because it does not set forth the ordinance in full, but refers to it by its title and the sections violated, and gives the date of its passage; and a writ of *habeas corpus* will not be granted on that ground.

ID.—CONSTRUCTION OF CODE—ORDINANCE A PRIVATE STATUTE—PLEADING—JUDICIAL NOTICE.—A county or municipal ordinance is a private statute within the meaning of section 963 of the Penal Code, allowing a criminal pleading to refer to such statute by its title and the day of its passage, and requiring the court to take judicial notice thereof.

APPLICATION for Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

M. C. Munday, and Munday & Redd, for Petitioner.

E. J. Fleming, District Attorney of Los Angeles County, for Respondent.

GRAY, P. J.—This application for a writ of *habeas corpus* is based on the ground that the complaint on which Childs was convicted and sentenced to a term in jail on a plea of guilty fails to state a public offense.

The complaint in question charges "that on the seventh day of April, 1905, near Burbank (outside the limits of incorporated cities and towns), and in the county of Los Angeles, state of California, a misdemeanor was committed by William Childs, who at the time and place last aforesaid, did willfully and unlawfully engage in, conduct and carry on a retail establishment, by then and there selling, serving and giving away spirituous, vinous, malt and mixed liquors in quantities less than one fifth of a gallon, and by the drink and glass, and to be drunk upon the premises where sold, without first having secured a license so to do, contrary to the ordinance of the county of Los Angeles entitled 'Ordinance imposing licenses and fixing rates thereof in the county of Los Angeles, state of California,' as passed, adopted and approved by the board of supervisors of said Los Angeles county on the twentieth day of January, 1903, and particularly sections one, three and sixteen of said ordinance; and against the peace and dignity of the people of the state of California.''

It is urged by petitioner that the ordinance or the part of it defining the offense with which it is sought to charge the defendant should have been set out, and that the complaint failing of this it does not contain a charge of a public offense. The validity of the ordinance is not in any way questioned. The point made goes only to the sufficiency of the complaint as a pleading, the claim in substance being that the complaint is uncertain and not sufficiently specific in its allegations as to this ordinance. No claim is made that the acts charged to have been done by the defendant do not constitute the crime denounced by the ordinance. We do not think that the insufficiency of a pleading in the respect claimed herein can be declared on *habeas corpus*, even if it were so insufficient.

But it is not insufficient in the respect claimed.  It is not necessary in pleading a county ordinance to set out its substance, or any part of its substance.  Much less is it necessary to copy any part of it into a criminal pleading.  Section 963 of the Penal Code reads as follows:—

"In pleading a private statute, or a right derived therefrom, it is sufficient to refer to the statute by its title and the day of its passage, and the court must thereupon take judicial notice thereof."

The ordinance under which the complaint is drawn is a municipal ordinance and a private statute within the meaning of the above section.  Its title and the day of its passage is set out in the complaint, and the court will, therefore, take judicial notice of it, just as it takes judicial notice of a statute of the state defining a crime.  (*Ex parte Davis,* 115 Cal. 447, [47 Pac. 258] ; *City of Tulare* v. *Hevren,* 126 Cal. 229, [58 Pac. 530].)

Looking at the acts charged in the complaint, it can be seen that they are the acts denounced in the ordinance as a crime and made punishable thereby.

There is no ground for the issuance of the writ.  Let the petition be dismissed.

Smith, J., and Allen, J., concurred.