[Crim. No. 25. Second Appellate District.—February 12, 1906.]

Ex Parte WILLIAM J. LUENING, Jr., on Habeas Corpus.

CRIMINAL LAW—COUNTY ORDINANCE—JUSTICE'S COURT—PLEADING ORDINANCE—JUDICIAL NOTICE.—A complaint filed with a justice of the peace, charging the defendant with an offense in violation of a county ordinance, need not plead the ordinance by reference to its title and date of passage. That court will take judicial notice of such local law.

ID.—CARRYING CONCEALED WEAPON—POLICE POWER.—A board of supervisors has authority in the exercise of its police power to prohibit the carrying of concealed deadly weapons about the person in public places. Such an ordinance is not unreasonable, oppressive or discriminating, because it authorizes the sheriff to grant permits to carry such weapons to officers and other persons as he may deem fit.

APPLICATION for a writ of habeas corpus to the sheriff of San Bernardino County.

The facts are stated in the opinion of the court.

R. E. Bledsoe, for Petitioner.

I. M. Sprecher, District Attorney, and Henry M. Willis, Deputy District Attorney, for Respondent.

ALLEN, J.—Application for writ of *habeas corpus.* The petitioner was charged in a sworn complaint, filed with a justice of the peace of San Bernardino county, "as a person found in a public place with a loaded revolver, a deadly weapon, concealed upon his person, in violation of County Ordinance No. 102." To such charge he entered a plea of guilty, and judgment followed. Under a commitment issued out of said judgment he is held in custody. Ordinance No. 102 was adopted by the board of supervisors of San Bernardino county prior to the arrest of the petitioner, and is as follows: "Section 1. Any person found in any public place with a concealed deadly weapon upon his person, is punishable by a fine of not less than $5.00 nor more than $100.00 or by imprisonment in the county jail not less than five nor more than one hundred days; provided, however, that the sheriff of San Bernardino county may grant permits to carry such weapons to officers and other persons, as he may deem fit."

The claim of petitioner is that the affidavit of complaint did not confer jurisdiction of the subject matter upon the justice, because the ordinance, being a private statute, was not pleaded by reference to its title and date of passage, as required by section 963 of the Penal Code, and, there being no general law upon the subject of which the justice could take judicial notice, the affidavit was fatally defective. That, as to the superior courts, ordinances of cities and counties are private statutes, and should be pleaded as such, is unquestioned. (*Tulare* v. *Hevren,* 126 Cal. 226, [58 Pac. 530].) That they are private statutes as to inferior local courts is not clear. In *Ex parte Davis,* 115 Cal. 445, [47 Pac. 258], it is said that when the proceeding is in a municipal court, ordinances of such municipality are the peculiar laws of that forum, and of which judicial notice will be taken, because they are among the things which, as to it, are established by law. (Code Civ. Proc., sec. 1875, subd. 2.) And such courts are instituted for the express purpose of enforcing municipal ordinances. We think, upon analogous principles, the same rule should apply to a justice court when the proceedings before it involve the violation of a local ordinance of the county. "Where an offense is created by statute and a penalty inflicted, it is necessary that the party seeking a recovery should, in general, refer to such statute, but we do not understand this rule to apply to pleadings in justices' courts, which are usually without

regard to form.'' (*O'Callaghan* v. *Booth and Deal*, 6 Cal. 66; *Watson* v. *Whitney*, 23 Cal. 378.) It is true that these observations were with reference to the rules in civil cases, yet the reason appeals to us in applying it to the pleadings charging the commission of a local offense.

Petitioner contends, further, that the ordinance is unreasonable, oppressive and discriminating, that it leaves to the arbitrary will of the sheriff the right to determine who may enjoy the privileges thereunder, and this upon the theory that the right to bear arms is a natural right which may not be prohibited. Whatever may be the source of the right to bear arms, in the general acceptation of such term, it does not follow as a natural consequence that such right extends to every conceivable manner in which arms may be borne. The habit of carrying concealed weapons is one of the most fruitful sources of crime, and, in our opinion, may be entirely prohibited by the proper authorities. It is true there may be instances and circumstances under which the bearing of arms in that manner may be justified. This ordinance by its terms makes ample provision in relation to such exigencies. (*Ex parte Cheney*, 90 Cal. 617, [27 Pac. 436].) It is clear that no general rule could be established beforehand that would meet the emergencies of individual cases; therefore, the power to give relief in particular instances is conferred on certain officers, and it is not to be presumed that they will exercise it wantonly, or for purposes of profit or oppression. (*In re Flaherty*, 105 Cal. 566, [38 Pac. 981].) If, therefore, the carrying of deadly weapons concealed about the person, in public places, is a menace to public safety, injurious to the public welfare, no right so to do exists; and if the legislative body has seen fit to confer authority upon certain persons under certain circumstances so to act, it is not taking away a right to do the thing from others, because they have no such right. (*In re Flaherty, supra.*) Legislation in this regard is referable to the police power, and the body to whom such legislation has been intrusted is to determine the reasonableness of such regulations as applying to the localities to which they apply. Nothing appearing which would indicate an abuse of discretion in this instance, none will be presumed, and this ordinance must be taken as a reasonable exercise of police power upon the part of the supervisors of San Bernar-

dino county.   In our opinion, the ordinance here involved is valid, and the petitioner should be remanded.

The writ is dismissed, and the petitioner remanded to the custody of the sheriff.

Gray, P. J., and Smith, J., concurred.