PATROSSO, J.
 

 Plaintiff instituted this action to rescind, upon the ground of mistake, a contract for the purchase of a parcel of real property, and to recover the amount paid by him on account of the purchase price thereof. From a judgment in favor of defendants, the plaintiff appeals.
 

 The agreement in question which consisted in part of a receipt evidencing a deposit of $500 and an escrow agreement provides for the purchase of the property by plaintiff for the total sum of $11,000 payable $2,200 in cash and the balance to be evidenced by a promissory note secured by a trust deed upon the subject property, payable in monthly installments, but expressly “subject to buyers being able to operate a ready mix plant on this property subject to the approval of the San Fernando City Planning Commission.” Following the opening of the escrow, application was made to the planning commission for authority to operate a ready-mix plant upon the property which, after a hearing, was granted and plaintiff notified thereof, whereupon plaintiff delivered a written notice to the escrow agent, reading as follows: “This is to notify you that we are able to operate a ready mix plant on subject property and that we have the approval of the San Fernando City Planning Commission,” whereupon the escrow agent closed the escrow and delivered to defendants the $1,700 deposited by plaintiff, as well as the promissory note and trust deed executed by him in accordance with the agreement. However, thereafter within the time
 
 *943
 
 and in accordance with the provisions of the zoning ordinance of the city of San Fernando, copy of which has been filed with us pursuant to stipulation of the parties, certain property owners opposing the granting of the variance appealed to the city council, which after a hearing reversed the action of the planning commission and refused to grant the variance. It is conceded that as a result plaintiff was not able to operate a ready-mix plant upon the property. Plaintiff thereupon gave written notice of rescission and demanded return of the money paid by him, and upon refusal of defendants to do so instituted this action. Subsequent thereto and prior to trial, defendants foreclosed the trust deed given by plaintiff and became purchasers of the property.
 

 The court found the facts as hereinbefore recited, but further found to be untrue the allegation in plaintiff’s complaint that plaintiff and defendants at all times prior to the action of the city council in reversing the order of the planning commission “mistakenly believed that authority from the San Fernando Planning Commission was the only permission required by plaintiff for the operation of a ready mix plant on the above described property.” The court further found that plaintiff by authorizing the escrow agent to make payment and deliver the note and trust deed to defendants upon being advised of the action of the planning commission thereby accepted the same “as satisfaction of the condition of the escrow agreement.” From these findings the court drew the following conclusions of law: “Said escrow agreement was fully executed and performed. Plaintiff did not execute and perform the escrow agreement under any mistake of law or fact and plaintiff did not suffer any damage. The possibility of said permit being revoked was readily foreseeable and was reasonably foreseeable by plaintiff.”
 

 Plaintiff contends that the findings adverted to above are unsupported by the evidence, and the conclusions of law based thereon are erroneous. We agree and accordingly are reversing the judgment.
 

 The evidence admits of no other conclusion but that the parties both understood that the plaintiff did not desire to purchase the property, which was located in the Pacoima Wash, unless the zoning thereof should be changed to permit the operation thereon of a ready-mix plant. Likewise, both parties believed that the granting of the variance for this purpose by the planning commission was final and all that was required to permit such use. The defendant Franklyn
 
 *944
 
 Krug expressly so testified, and while defendants claim that there is no testimony by plaintiff to this effect, that he so understood and believed is evidenced by the notice which he delivered to the escrow agent to the effect that “we are able to operate a ready mix plant on subject property and that we have the approval of the San Fernando City Planning Commission.” That such evidence establishes, as a matter of law, that both parties acted upon a mutual mistake may not be gainsaid, and whether regarded as a mistake of fact or law
 
 (Adams
 
 v.
 
 Heinsch
 
 (1948), 89 Cal.App.2d 300, 303 [200 P.2d 796].), plaintiff was entitled to rescind. Nor is it of consequence, as the trial court found, that the property was of a market value equal to the price which plaintiff agreed to pay therefor.
 

 It is not essential to the right to rescind a contract for the purchase of property that the purchaser should be able to show that the property purchased was worth less than he paid for it, and plaintiff need not plead or prove pecuniary loss so long as there was injury or prejudice resulting from the fraud or mistake.
 
 (Hefferan
 
 v.
 
 Freebairn
 
 (1950), 34 Cal.2d 715, 721 [214 P.2d 386] ; anno. 106 A.L.R. 125.) Here the plaintiff was desirous of purchasing the property only if he could legally operate a ready-mix plant thereon, and it is clear that he suffered prejudice when this purpose was rendered impossible of accomplishment.
 

 The judgment is reversed. The appeal from the order is dismissed.
 

 Swain, Acting P. J., and Kauffman, J., concurred.
 

 A petition for a rehearing was denied Mar. 14, 1956 (Swain, Acting P. J., Patrosso, J., and Kauffman, J.), and the following opinion was then rendered:
 

 THE COURT.
 

 Defendants assert that our opinion is in error in asserting that the action of the planning commission in granting the permit was not final. The trial court, however, expressly found that as a result of the action of the city council in annulling the order of the commission plaintiff “was not able to operate a ready mix plant on said real property,” which necessarily implies that the action of the planning commission was not final. Moreover, with respect to this finding, defendants, in their brief, state: “Finding No. V recites the revocation of the permit by the City Council.
 
 This, too, is admitted by the pleadings and sup
 
 
 *945
 

 ported by plaintiff’s Exhibits A and 5, which recite the action of the City Council.”
 
 In the light of this, it is difficult to understand the argument advanced in the petition for rehearing to the effect that the action of the commission was final and hence not subject to review upon appeal to the city council. If such is now the position of the defendants and appropriate amendment is made to their answer so as to raise this issue, nothing said in our opinion shall be deemed as foreclosing the defendants upon a retrial from urging their present contention.
 

 With respect to defendants’ complaint of our taking cognizance of the ordinance of the city of San Fernando, we desire to note that, contrary to some statements made from the bench at the time of the oral argument, we take judicial notice thereof because the city of San Fernando is within the Los Angeles Judicial District.