WAGLER, P. J.
 

 Defendant appeals from his conviction of a violation of section 123 of the Oakland Traffic Code, which reads as follows:
 

 “It shall be unlawful for any person to park or leave standing any vehicle in any parking meter zone on any street, at any time during which the parking meter shows, indicates, registers or displays that the parking space is illegally in use, except during the time necessary to deposit United States coins in said parking meter so as to show, indicate, register, display or permit legal parking, and excepting also during the time from 6:00 p. m. to 8:00 a. m., and excepting also on holidays as designated in Section 128 of this Code when indicated by appropriate signs located on the parking meter. ’ ’
 

 Appellant does not question the sufficiency of the evidence. He contends, however, that the municipal court in which he was tried is a court of record; that as such, it does not take judicial notice of ordinances and his conviction must therefore be reversed, since no attempt was made on the part of the prosecution to prove either the contents or enactment of section 123.
 

 That the municipal court in question is a court of record, there can be no doubt. It was declared to be such by constitutional amendment enacted in 1924. See California Constitution, article VI, section 12. That numerous cases categorically state that courts of record do not take judicial notice of ordinances, also cannot be doubted. See
 
 Grant
 
 v.
 
 California Bench Co.,
 
 76 Cal.App.2d 706 [173 P.2d 817];
 
 City of Tulare
 
 v.
 
 Hevren,
 
 126 Cal. 226 [58 P. 530] ;
 
 Metteer
 
 v.
 
 Smith,
 
 156 Cal. 572 [105 P. 735] ;
 
 Tilton
 
 v.
 
 Russek,
 
 171 Cal. 731 [154 P. 860] ;
 
 Marysville Woolen Mills
 
 v.
 
 Smith,
 
 178 Cal. 786 [175 P. 13].
 

 This statement when originally made was no doubt factually correct. Its basis, however, is entirely historical, having been originally made when the only courts of record were courts of general jurisdiction. As such, they did not take judicial notice of ordinances which are private statutes.
 

 Code of Civil Procedure, section 1875, subdivision 2, provides that “courts shall take judicial notice of whatever is established by law.” Thus, in obedience to this section, the superior court as a court of general jurisdiction takes
 
 *Supp. 867
 
 judicial notice of enactments of the state Legislature. By the same token, a municipal court which has exclusive jurisdiction of cases involving the violation of ordinances of cities or towns situated in the district in which it is established (Pen. Code, § 1462) takes judicial notice of those ordinances.
 

 Appellant relies upon a decision of the appellate department of the superior court of a neighboring county, wherein a conviction of the violation of an ordinance was reversed because of the failure of the prosecution to introduce the ordinance in evidence.
 
 (People
 
 v.
 
 Lum,
 
 Criminal Appeal 5867, Contra Costa County, February 8, 1956.) This decision while persuasive is, of course, not binding upon this court. We are unable to agree with the conclusions therein reached.
 

 The rule is correctly stated in 18 Cal.Jur.2d 452, as follows:
 

 “A
 
 municipal or justice court in which a proceeding is instituted for the express purpose of enforcing a city or county ordinance, which is the peculiar law of that forum, is bound to take notice of the ordinance. In such cases the rule that judicial notice will not be taken of ordinances does not apply. A municipal court holds the same relation to ordinances that the superior court holds to acts of the legislature, and the rule as to judicial notice of ‘whatever is established by law' applies.” (See
 
 Ex parte Davis,
 
 115 Cal. 445 [47 P. 258];
 
 Ex parte Hansen,
 
 158 Cal. 494 [111 P. 528];
 
 People
 
 v.
 
 Mueller,
 
 168 Cal. 521 [143 P. 748, L.R.A. 1915B 788] ;
 
 Ex parte Daniels,
 
 183 Cal. 636 [192 P. 442, 21 A.L.R. 1172],
 
 People
 
 v.
 
 Crittenden,
 
 93 Cal.App.2d Supp. 871 [209 P.2d 161].)
 

 Appellant makes the further point that even if the municipal court could take judicial notice of the ordinance in question, still the parking meter zone itself was not established by ordinance, but by mere
 
 resolution
 
 of the city council. The court could not, says he, take judicial notice of a mere resolution. This presents an interesting question, which we do not here decide, because the record shows that “by stipulation a certified copy of an excerpt of the resolution” designating “14th Street, both sides from Jefferson to Harrison, as a parking meter zone” was in fact offered and received in evidence.
 

 It is true, as appellant points out, that the record does not make it entirely clear that this resolution was adopted pursuant to the section of the traffic code which authorizes such
 
 *Supp. 868
 
 resolutions. However, this is the only reasonable and logical inference. Furthermore, it must be presumed that official duty has been regularly performed. (Code of Civil Procedure, section 1963, subdivision 15.)
 

 The judgment of conviction is affirmed.
 

 Ledwieh, J., concurred.
 

 Hoyt, J., being disqualified, did not participate.