420 P.2d 805

**CITY OF LEWISTON, Plaintiff-Respondent,**

v.

**Frances W. FRARY and Raymond E. Grider, Defendants-Appellants.**

**No. 9766.**

Supreme Court of Idaho.

Dec. 2, 1966.

Rehearing Denied Dec. 22, 1966.

Rapaich & Knutson, Lewiston, for appellants.

**324**

William A. Stellmon, Lewiston, for respondent.

TAYLOR, Justice.

Defendants (appellants) Frances W. Frary and Raymond E. Grider, with one Thomas Anderson, were separately charged with violation of § 22–31 of the Code of Ordinances of the City of Lewiston, Nez Perce County, which provided:

"No person shall collect in bodies or crowds in the streets or elsewhere within the city for unlawful purposes or for any purpose to the annoyance of citizens or travelers."

Each defendant was charged separately; however, the charge in each case was in the same language. The charge against Frary was as follows:

"That on the 24th day of January, 1965, in the City of Lewiston, County of Nez Perce, State of Idaho, the crime of Gathering for Unlawful Purpose Code 22–31 was committed, to-wit: By Frances W. Frary, who then and there within the corporate limits of the City of Lewiston, Idaho, did willfully and unlawfully violate Sec. 22–31, Code of Ordinances, City of Lewiston, 1960, to-wit: no person shall collect in bodies or crowds in the streets or elsewhere within the city for unlawful purposes or for any purpose to the annoyance of citizens or travelers, i. e., that said Frances W. Frary did, at about 3:36 A.M., January 24th, 1965, gather and collect in a bodie [sic] in front of the Police Station on 3rd St. within the City for the unlawful purpose of doing physical combat with Ron Wallace and Duane Hollis to their annoyance, said body consisting of Raymond E. Grider, Frances Frary and Tom Anderson, contrary to the form, force and effect of the ordinances in such cases made and provided and against the peace and dignity of the people of the City of Lewiston, Nez Perce County, Idaho, * * *."

Defendants were convicted in the police court and upon appeal were tried de novo and again convicted in the district court in and for Nez Perce County, sitting in the City of Lewiston. After denying defendant's motions in arrest of judgment and for a new trial, the district court adjudged each defendant guilty and imposed a fine of $300.00 and imprisonment in the Lewiston city jail for the term of thirty days. From these judgments the defendants appealed to this court. Thereafter the defendant Anderson served the term of imprisonment and paid the fine imposed, and upon his motion his appeal was dismissed.

On the evening of January 23, and early morning of January 24, 1965, an altercation occurred between defendants and the complaining witnesses Hollis and Wallace, arising out of a suspicion or accusation by the complaining witnesses that defendants or someone in their group had let the air out of, or slashed, the tires of vehicles belonging to persons attending a party in Clarkston, Washington. Clarkston is located across the Snake River from Lewiston, Idaho. The altercation resulted in the pursuit of the complaining witnesses, who were in one automobile, by the defendants Frances W. Frary, Raymond E. Grider and Thomas Anderson, and a brother of defendant Grider, riding in another automobile. Hollis and Wallace were thus pursued through the streets of Clarkston and across the river into Lewiston, where the complaining witnesses stopped their car in front of the police station. The defendants and Anderson alighted from the pursuing car and by words and conduct threatened assault and battery upon the persons of Hollis and Wallace. Actual combat, however, was prevented by intervention of the Lewiston police.

■ By one of their assignments of error defendants contend that the verdict was not supported by the evidence. We have examined the record and find the evidence amply sufficient.

■■ By their first assignment defendants contend that the failure of the plaintiff to plead and prove the ordinance charged to have been violated, requires that the

judgment be reversed, citing State v. Egli, 41 Idaho 422, 238 P. 514 (1925). In the Egli case, originally commenced in the police court, the substance of the ordinance was set out in the complaint and its provisions were contained in the district court's instructions to the jury, but the ordinance was not offered or admitted in evidence. In that case this court held that the district court, on appeal from the police court, could not take judicial notice of the ordinance, reversed the judgment and remanded the cause for further proceedings. In the case at bar the exact language of the ordinance was set out in the criminal complaints and in the instructions given to the jury by the district court. We have examined the cases cited in support of the rule adopted in the Egli case, and find that by reason either of differences in the law of the forum or in the facts involved, a majority of those cases are not in point on the question here involved. The court in that case relied upon the terms of the statute, I.C. § 9–101 (now a rule of this court, see appendix vol. 2, Idaho Code) where facts judicially noticed are listed, and observed that municipal ordinances are not included therein. However, it must be remembered that the statutory rule, I.C. § 9–101, is not exclusive and is not one of limitation. Facts within common knowledge are not mentioned in the statute, yet universally such facts are judicially noticed by the courts.

California Code of Civil Procedure, § 1875, is the same as our rule I.C. § 9–101. In Wood v. Kennedy, 117 Cal.App. 53, 3 P.2d 366 (1931), the court was concerned with the issue as to whether the insolvency of a bank was revealed by official records and whether it was a fact of common knowledge. Referring to § 1875, of the Code of Civil Procedure of that state, the court said:

"It has been held that the provisions of this section do not limit the matters of which judicial notice should be taken by the courts to those coming within its express terms. The subjects of which judicial notice should be taken have been extended far beyond the strict language of this section by many well-considered decisions. * * * 10 California Jurisprudence * * * and Supplement". 3 P.2d at 368, 369.

In Ex parte Davis, 115 Cal. 445, 47 P. 258 (1896), the Supreme Court of California said:

"It is true, as a general proposition, with reference to proceedings in the courts of superior or general jurisdiction, that municipal ordinances are regarded as private statutes, and must be pleaded and proved. In this state, however, even in the superior courts, it is sufficient to refer to them by title and date of passage, whereupon the court must take judicial notice of them. Pen.Code, § 963. But when the proceeding is in a municipal court, instituted for the express purpose of enforcing the municipal ordinances, and vested with full jurisdiction for that purpose, the rule ought to be, and is, different. In such case the ordinances are the peculiar law of that forum, and it is bound to take notice of their existence. To such laws it holds the same relation that the superior courts hold to the laws enacted by the legislature, and may notice their provisions because they are among the things which, as to it, are established by law." 47 P. at 259.

The rule in the Davis case was adhered to in People v. Cowles, 142 Cal.App.2d Supp. 865, 298 P.2d 732 (1956); Ex parte Hansen, 158 Cal. 494, 111 P. 528 (1910); Ex parte Luening, 3 Cal.App. 76, 84 P. 445 (1906); Ex parte Childs, 1 Cal.App. 39, 81 P. 667 (1905).

Defendants concede that the police court may take judicial notice of municipal ordinances, but urge under the authority of the Egli case that the district court upon trial de novo on appeal from the police court, cannot take such notice.

"Usually the circuit court will on appeal from the police court on trial *de*

*novo*, take judicial notice of ordinances of the city and their substance in the same manner as the police court. So it is held that the circuit court during the time of the trial on appeal is substituted for the police court, and hence, whatever the police court could have taken judicial notice of while the case was in that court, the circuit court should take judicial notice of after the removal of the case to the circuit court." McQuillin, Municipal Ordinances, § 363, p. 566.

"Usually local courts will take judicial notice of ordinances in force within their respective jurisdictions, and where this is the case, a reviewing court may take judicial notice of an ordinance judicially noticed in the court below in the same proceedings." 9 McQuillin, Municipal Corporations, 3rd Ed. Revised, § 27.44, pp. 716, 717, and cases there cited.

In Watt v. Jones, 60 Kan. 201, 56 P. 16 (1899), the court held that the district court could not take judicial notice of the municipal ordinance "relating to elections" in an election contest commenced and prosecuted in the district court. In distinguishing that case from one in which the district court hearing was on an appeal from a municipal court, the court said:

" * * * where an appeal is taken from the police court of a city to the district court, the latter will take judicial notice of the ordinance under which the defendant is being prosecuted. In such cases the district court is pro hac vice the police court. City of Solomon v. Hughes, 24 Kan. 211; Downing v. City of Miltonvale, 36 Kan. 740, 14 Pac. 281." 56 P. at 17.

In California the rule is that an appellate tribunal will judicially notice any fact which was properly so noticed in the tribunal from which the appeal is prosecuted. Varcoe v. Lee, 180 Cal. 338, 181 P. 223 (1919), was an action commenced in the Superior Court, City and County of San Francisco, by a father for damages for the death of his daughter resulting from

negligence in the operation of an automobile on Mission Street. The Supreme Court held that the trial court sitting and exercising jurisdiction within the City of San Francisco, would take judicial notice that the point on Mission Street where the accident occurred, as a matter of common knowledge, was a "business district" so that the speed limit of 15 miles per hour, fixed by ordinance and statute, was applicable. The decision was based upon the proposition that a court may take judicial notice of facts which are of common knowledge within the jurisdiction of the court, though such facts may not be known elsewhere. The court there further said:

"An appellate court can properly take judicial notice of any matter of which the court of original jurisdiction may properly take notice. Pennington v. Gibson, 16 How. 65, 14 L.Ed. 847; Salt Lake City v. Robinson, 39 Utah 260, 116 P. 442, 35 L.R.A. (N.S.) 610, Ann.Cas. 1918E, 61; 15 Ruling Case Law, 1063.

"In fact, a particularly salutary use of the principle of judicial notice is to sustain on appeal, a judgment clearly in favor of the right party, but as to which there is in the evidence an omission of some necessary fact which is yet indisputable and a matter of common knowledge, and was probably assumed without strict proof for that very reason. Campbell v. Wood, 116 Mo. 196, 22 S.W. 796." 181 P. at 225.

Other cases supporting the California rule are: City and County of San Francisco v. Superior Court, 53 Cal.2d 236, 1 Cal.Rptr. 158, 347 P.2d 294 (1960); Thomas v. Krug, 139 Cal.App.2d Supp. 941, 294 P.2d 785 (1956); Ward Mfg. Co. v. Miley, 131 Cal. App.2d 603, 281 P.2d 343 (1955); Brock v. Fouchy, 76 Cal.App.2d 363, 172 P.2d 945 (1946); Greif v. Dullea, 66 Cal.App.2d 986, 153 P.2d 581 (1944).

In the early case of City of Spokane v. Griffith, 49 Wash. 293, 95 P. 84 (1908), the Washington court held that the ordinance under which defendant was prose-

cuted was sufficiently proven where, without objection, it was read to the jury from the official book of ordinances and was given to the jury in the instructions. The concurring justices held that the superior court, in which the case was being tried on appeal from the police court, was required to take notice of the ordinance and that proof thereof was unnecessary. The concurring justices said:

"* * * the appellate court will take judicial notice of any fact that the court of original jurisdiction must judicially notice. Here the ordinance in question was within the judicial knowledge of the police court, and, being so, it was equally within the knowledge of the superior court to which the cause was appealed." 95 P. at 84.

The rule as stated by the concurring justices in the Griffith case was followed by the Washington court in City of Spokane v. Knight, 96 Wash. 403, 165 P. 105 (1917); and in City of Olympia v. Nickert, 118 Wash. 407, 203 P. 946 (1922). In the Knight case the court said:

"Appellant next argues that the court erred in taking judicial notice of the ordinance. The ordinance was pleaded in the information by number and title. The case was brought in the municipal court in the city of Spokane. That court was required to take notice of the ordinance, and the superior court, being a court of appellate jurisdiction in this particular case, was also required to take notice of the ordinance." 165 P. at 106.

In the Olympia case the court quotes from the concurring opinion in the Griffith case and cites authorities, to the same effect, from other jurisdictions (203 P. at 947).

In Orose v. Hodge Drive-It-Yourself Co., 132 Ohio St. 607, 9 N.E.2d 671, 111 A.L.R. 954 (1937), the Ohio court, after noting the conflict of authority on the present question, said:

"In our opinion the better view is that an appellate court, in reviewing the judgment of a municipal court on questions of law, may take judicial notice of an ordinance of which the municipal court did and was entitled to take notice. Rafferty, Prosecutor, v. Court of Common Pleas of Passaic County, 102 N.J.Law, 489, 133 A. 524; Sidelsky, Prosecutor, v. City of Atlantic City, 84 N.J.Law, 198, 86 A. 531; Galen Hall Co. v. Atlantic City, 76 N.J.Law, 20, 68 A. 1092; March v. Commonwealth, 51 Ky. (12 B. Mon.) 25.

"It would seem to be a cardinal principle that a reviewing court should, in determining whether prejudicial error has been committed, put itself in the position of the trial court and judicially notice what was properly noticed below. The Supreme Court of the United States takes judicial notice of public acts of a state and also of private state statutes, where the state court does. Bothwell v. Buckbee-Mears Co., 275 U.S. 274, 279, 48 S. Ct. 124, 125, 72 L.Ed. 277; Gasquet v. Lapeyre, 242 U.S. 367, 371, 37 S.Ct. 165, 167, 61 L.Ed. 367; Western Life Indemnity Co. v. Rupp, 235 U.S. 261, 275, 35 S. Ct. 37, 41, 59 L.Ed. 220; Hanley v. Donoghue, 116 U.S. 1, 6, 6 S.Ct. 242, 245, 29 L.Ed. 535; 15 Ruling Case Law, 1076, Section 15.

"In Hanley v. Donoghue, supra, the court say [sic]: 'But in this court, exercising an appellate jurisdiction, whatever was matter of law in the court appealed from is matter of law here, and whatever was matter of fact in the court appealed from is matter of fact here.'

"An ordinance, like a state statute, is matter of fact, except within the jurisdiction of its adoption. In the case at bar the ordinance was matter of law in the municipal court and by what transformation it could become matter of fact in the reviewing courts on appeal is not apparent. If it was law in the trial court, it was law in the reviewing courts below; if it was law there, it is law here. Since the courts are presumed to know the law

and take notice of it judicially, it is not required that the ordinance be set forth in the record." 111 A.L.R. at 957.

The subject is annotated, following the Orose case, in 111 A.L.R. 959. In summarizing the present issue, the annotator said:

"There is a conflict on the question whether or not an appellate court, trying de novo a case that originated in a municipal court, may take judicial notice of an ordinance of which the lower court might have taken notice, but the prevailing view apparently is that an appellate court will take such notice, or at least may do so, where the case comes before it for a trial de novo, even in the absence of express statutory authority for so doing." 111 A.L.R. at 963.

See cases there cited and discussed.

■ We conclude that the police court was required to take judicial notice of the ordinance of the City of Lewiston and that the district court on trial de novo on appeal properly took judicial notice of the ordinance.

The decision in State v. Egli, supra, to the extent that it is in conflict herewith, is overruled.

■ Furthermore, the ordinance charged to have been violated by defendants was not challenged by them either in the police court or in the district court. Its existence, validity, or content were not questioned until the case reached this court. In general issues involving the regularity of proceedings in the trial court must be raised first in that court. State v. Hall, 86 Idaho 63, 383 P.2d 602 (1963); State v. Taylor, 76 Idaho 358, 283 P.2d 582 (1955); Neff v. Hysen, 72 Idaho 470, 244 P.2d 146 (1952); State v. Davis, 72 Idaho 115, 238 P.2d 450 (1951); State v. Boyatt, 59 Idaho 771, 87 P.2d 992 (1939); State v. Davis, 57 Idaho 413, 65 P.2d 1385 (1937); State v. Cox, 55 Idaho 694, 46 P.2d 1093 (1935); State v. Fox, 52 Idaho 474, 16 P.2d 663 (1932);

State v. Flitton, 52 Idaho 374, 15 P.2d 397 (1932); State v. Wilson, 51 Idaho 659, 9 P.2d 497 (1932); State v. Keyser, 38 Idaho 57, 219 P. 775 (1923); State v. Chacon, 36 Idaho 148, 209 P. 889 (1922); State v. Baker, 28 Idaho 727, 156 P. 103 (1916).

"It is an almost universal rule that questions not raised in the trial court will not be considered on appeal.

"Stated differently an appellate court generally will not consider any error which counsel for accused could have called, but did not call, to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court. Thus, contentions not raised in the trial court are not properly before an appellate court and consideration by such court of any of them is required to be given, if at all, as a matter of grace, not of right." 24 C.J.S. Criminal Law § 1669, pp. 1050–1055.

■ We are not to be understood as holding that absence of essential proof may not be raised for the first time on appeal. However, in view of the availability of judicial notice, the failure of the plaintiff to produce the ordinance for inspection by defendants in the lower courts was a mere irregularity which defendants have waived by their failure to raise the question below. If defendants desired to question the ordinance in any way they were privileged to do so, in both police court and the district court.

■■ Defendants question the constitutionality of the ordinance on two grounds. First they contend it is unconstitutionally vague and indefinite. They point out the language in the ordinance "or for any purpose to the annoyance of citizens or travelers." However vague this clause may be, it is not the provision which is being invoked against defendants. The provision forbidding persons to collect in bodies or crowds, within the city, for unlawful purposes, is the provision charged to have been violated. That provision is neither

vague nor indefinite. Defendants cannot be heard to question the constitutionality of a provision which is not being invoked against them. State v. Wendler, 83 Idaho 213, 360 P.2d 697 (1961); Poffenroth v. Culinary Workers Union Local No. 328, 71 Idaho 412, 232 P.2d 968 (1951). The two provisions of the ordinance are connected by the conjunctive "or" and are severable, so that should the provision which defendants refer to as vague be unconstitutional, such would not affect the provision under which they were charged. 16 Am.Jur.2d, Constitutional Law, §§ 181–183, pp. 409–412; Champlin Ref. Co. v. Corporation Commission, 286 U.S. 210, 52 S.Ct. 559, 76 L.Ed. 1062, 86 A.L.R. 403 (1932); State v. Grabinski, 33 Wash.2d 603, 206 P.2d 1022 (1949).

■ Secondly defendants contend the ordinance unconstitutionally abridges freedom of assembly in violation of U.S.Const. amend. I, and Idaho Const. art. I, § 10. Both constitutional provisions expressly protect the right of peaceable assembly. Neither has reference to assembly for an unlawful purpose such as charged here.

■ Defendants also assign as error the refusal of the court to give to the jury their requested instructions 2, 4, 5, 6 and 7. Requests 2 and 4 purport to state the elements of the offense which the plaintiff must prove to justify a conviction. To the extent that these requests were applicable statements of the law, they were covered by instructions 10 to 13, inclusive, given by the court. Request 5 would have required the plaintiff to prove "a breach of the peace," "a disturbance of the public tranquility," having "an effect upon the public generally." These were not essential elements of the offense charged. The request was properly refused.

■ Requested instruction 6 contained a discussion of the constitutional right of freedom of peaceable assembly. The constitutional provisions do not purport to recognize any right to assemble for an unlawful purpose. The jury found upon ample evidence that defendants did not assemble for a peaceable or lawful purpose. The court instructed the jurors that they must find that defendants assembled for an unlawful purpose before they could find them guilty. The request was properly refused. Request 7 was to the effect that the jury should consider only the crime charged, and not whether defendants' acts constituted some other crime. The instructions which were given defining the crime charged and stating the essential elements thereof, sufficiently explained the issues so that there could be no uncertainty in the minds of the jurors as to what they were to determine. The refusal of requests for instructions to the jury, the subject matter of which is fully covered by instructions given, is not error. State v. Rose, 75 Idaho 59, 267 P.2d 109 (1954); State v. Johnson, 74 Idaho 269, 261 P.2d 638 (1953); State v. Rutten, 73 Idaho 25, 245 P.2d 778 (1952).

■ Defendants also assign as error the rulings of the court sustaining objections to questions put to two police officers on cross-examination. Two of the questions called for conclusions of the witness and two were repetitious. In their brief defendants have not shown in what respect the rulings were erroneous.

■ Defendants' contention that their demurrers to the complaints should have been sustained is without merit. The complaints were complete statements of the charge. They were definite and not uncertain.

Judgment affirmed.

McFADDEN, C. J., and McQUADE, SMITH and SPEAR, JJ., concur.