449 P.2d 474

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Charles WEST, Defendant-Appellant.**

No. 9642.

Supreme Court of Idaho.

Jan. 23, 1969.

Henry F. Reed, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Gale M. Merrick, Asst. Atty. Gen., and Ellison M. Matthews, Pros. Atty., Boise, for appellee.

SPEAR, Justice.

On September 11, 1963, Charles West was presented before the Ada County justice court for a preliminary hearing on a charge of burglary in the second degree, a finding of sufficient cause was made, and West was bound over to the district court under a $500 bond. At this time West was not represented by counsel, nor does it appear that any request for counsel was made.

On October 7, 1963 West was brought before the Ada County district court for arraignment on the crime charged. At that time West stated that he wished to employ counsel and the proceedings were continued until October 14, 1963.

On October 14, 1963 West appeared in court, represented by retained counsel. A plea of not guilty was entered, and bond was continued.

The trial was held on November 26, 1963. West was represented by his retained counsel. The jury returned a verdict of guilty of burglary in the second degree.

On March 2, 1964, the district court ordered that Charles West be committed to the Idaho state prison for a period not to exceed two years. The interim period between conclusion of the trial and the passing of sentence was devoted to pre-sentence investigation and hospitalization of the defendant in order to help what appears to be an excessive drinking problem.

Appellant assigns as error the following:

(a) Failure to appoint counsel at the preliminary hearing in justice court.

(b) Failure to properly advise defendant that he was entitled to counsel if indigent.

(c) Allowing defendant to stand trial while under the influence of drugs and/or alcohol.

The first assignment of error is predicated upon the United States Supreme Court decisions in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L. R.3d 974 (1966). These decisions secure the protection of the constitutional rights of persons accused of committing crimes,

and would have afforded appellant the right to appointment of counsel at the preliminary hearing held in the justice of the peace court, unless effectively waived after due explanation by the court of the existence of such right. However, it will be noted that *Escobedo* was decided June 22, 1964; *Miranda* was decided June 13, 1966, and appellant's preliminary hearing was held on September 11, *1963*. In Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the United States Supreme Court decreed that the *Escobedo* and *Miranda* decisions were not to be applied retroactively but prospectively only, and, therefore, these decisions are inapplicable to the proceedings in appellant's preliminary hearing.

At the time of the preliminary hearing the rule in Idaho was as follows:

"While it is recognized that an accused has a right to counsel at every stage of proceedings, we do not understand this to mean that he must be so represented in the preliminary processes which take place primarily for the purpose of ascertaining whether a crime has been committed and whether there are reasonable grounds to believe that the accused has committed it, and particularly where no prejudice has befallen him. * * *" Freeman v. State, 87 Idaho 170, 392 P.2d 542 (decided April 27, 1964—prior to the *Escobedo* or *Miranda* decisions), 87 Idaho at page 179, 392 P.2d at page 547.

Therefore, appellant's first assignment of error is without merit.

■ The other two objections or questions were never raised in the trial court and, therefore, appellant must be deemed to have waived them. It must be remembered that appellant was represented by competent counsel of his own choosing in the trial of these charges, and it is a well-established rule in this jurisdiction that issues involving the regularity of proceedings in the trial court must first be raised in that court. City of Lewiston v. Frary, 91 Idaho 322, 420 P.2d 805. As quoted in that decision:

" 'It is an almost universal rule that questions not raised in the trial court will not be considered on appeal.

" 'Stated differently an appellate court generally will not consider any error which counsel for accused could have called, but did not call, to the attention of the trial court * * *. Thus, contentions not raised in the trial court are not properly before an appellate court and consideration by such court of any of them is required to be given, if at all, as a matter of grace, not of right.' 24 C.J.S. Criminal Law § 1669, pp. 1050–1055." 91 Idaho at 328, 420 P.2d at 811.

This disposes of appellant's legal contentions, and it becomes unnecessary to discuss the merits of these assignments of error.

However, this does not dispose of the social problem so apparent from the record of the proceedings in the trial court. Basically, this appellant is not a criminal, he is a drunk—a chronic alcoholic. Because there are no facilities in Idaho for the treatment of alcoholics, the trial court had only two alternatives, (1) turn the appellant loose on the public to commit other and perhaps more serious criminal acts, or (2) protect the public from the appellant by incarcerating him in the penitentiary. The trial court chose the latter, and this court is powerless to do anything except affirm that decision.

Early in 1968 this court, in the case of State v. Oyler, 92 Idaho 43, 436 P.2d 709, had occasion to discuss this problem at length. The court noted:

"We are of course aware of the predicament of an Idaho district court faced with alternatives to free or to imprison a person totally addicted to alcohol. This dilemma exists because Idaho has no facilities to care medically for the chronic alcoholic. Human sympathy demands

**730**

that our society recognize this problem and solve it by providing necessary institutions. However, as Justice Taylor suggests in his concurring opinion, the problem is for the legislature to resolve."

Chief Justice Taylor, in a concurring opinion, commented:

" * * * Until the legislature provides a different means for the rehabilitation of the chronic alcoholic, the courts must resort to incarceration as the only available remedy. * * *"

We take this opportunity to again call to the attention of the Idaho legislature the necessity of taking appropriate action so the courts will no longer be placed in the intolerable dilemma they now face when dealing with a chronic alcoholic who has violated one or more of the provisions of our criminal statutes. We hope that the legislature gives this problem its immediate attention.

Judgment of conviction affirmed.

McFADDEN, C. J., McQUADE, and DONALDSON, JJ., and WARD, D. J., concur.