*978 W. JONES, J.
specially concurring.
While I concur with the majority that the district court’s order granting Defendant a new trial must be reversed, I believe this case can be resolved more easily by taking judicial notice of the conversion rate of ounces to grams. Under Rule 201 of the Idaho Rules of Evidence, a court can take judicial notice at any point throughout a legal proceeding. Thus this Court can take judicial notice now, and can thereby confirm the original judgment that Defendant was guilty of trafficking methamphetamine without need to remand except for the entry of a conviction.
In order to convict Defendant of trafficking methamphetamine, the State was required to prove that Defendant sold or offered to sell methamphetamine in an amount equal to or greater than twenty-eight grams. See I.C. §§ 37-2732B(a)(4)(A), 37-2732(a)(4)(D). To this end, the State provided testimony from a police informant that Defendant offered to sell him one ounce of methamphetamine. When asked how many grams were in an ounce the informant testified that there were “approximately twenty eight.” The state prosecutor soon realized his problem — he had proven that Defendant had offered to sell one ounce of methamphetamine, while the statute refers only to grams. In an attempt to correct the situation he requested that the court take judicial notice that an ounce is more than twenty-eight grams. The judge denied this request, noting that he personally did not know the conversion of ounces to grams and, further, that he did not believe that any of the jurors would know either.
There are two statutory provisions in Idaho establishing judicial notice. One is Rule 201 of the Idaho Rules of Evidence. The other is Chapter 1 of Title 9 of the Idaho Code.
Rule 201 of the Idaho Rules of Evidence provides in part for judicial notice of “adjudicative facts” that are “capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” I.R.E. 201(b). Black’s Law Dictionary defines an adjudicative fact as “a controlling or operative fact, rather than a background fact; a fact that concerns the parties to a judicial or administrative proceeding and that helps the court or agency determine how the law applies to those parties. For example, adjudicative facts include those that the jury weighs.” Black’s Law Dictionary 610 (7th ed. 1999).
That an ounce is equal to 28.35 grams is clearly a fact that is “capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” I.R.E. 201(b). The conversion rate of ounces to grams has been set at one ounce per 28.35 grams by the National Institute of Standards and Technology, as established by Congress. 15 U.S.C. § 272(a).
The conversion rate is also an “adjudicative fact.” As noted above, the State had to prove that Defendant sold or offered to sell at least twenty-eight grams of methamphetamine. If Defendant had offered to sell under twenty-eight grams of methamphetamine she could not have been found guilty of trafficking under Idaho law. The conversion rate of ounces to grams was therefore a “controlling” fact that the jury would need to “weigh.”[1]
The majority contends that the conversion rate is “no more an adjudicative fact than are the provisions of a statute” because “the conversion rate is not an issue for the jury to decide.” Supra -, 354 P.3d at 1189 (emphasis added). However, there is a marked difference between a fact that a jury would “weigh” and a fact a jury would “decide.” I fully agree with the majority that the conversion rate is an established fact and it would not make sense to say that the jury would “decide” it. However, this does not mean that the conversion rate is not a fact the jury would need to consider and weigh in determining whether testimony that Defendant had offered to sell an ounce of methamphetamine was sufficient to convict her of trafficking.
Further, even ignoring the Idaho Code provisions cited above, this very Court has established on multiple occasions that the *979 “provisions of a statute” can be the proper purview of judicial notice. In White v. White for example, this Court determined that it is proper for courts to take judicial notice of the language of statutes in sister states. 94 Idaho 26, 30, 480 P.2d 872, 876 (1971). Likewise, in Lewiston v. Frary this Court held that judicial notice of municipal ordinances can be proper. 91 Idaho 322, 328, 420 P.2d 805, 808 (1966). The majority’s conclusion that conversion rates of weights and measures are no more an adjudicative fact than are the provisions of a statute is therefore inapt.
Chapter 1 of Title 9 of the Idaho Code likewise provides that the conversion rate is the proper subject of judicial notice. It states that courts can take judicial notice of: (1) “[t]he true signification of all English words and phrases”; (2) “[wjhatever is established by law”; and (3) “[t]he laws of nature, the measure of time, and the geographical divisions and political history of the world.” 1.C. § 9-101.[2]
The majority asserts, and I agree, that the conversion rate of grams to ounces is “a matter established by law.” Supra -, 354 P.3d at 1189. The conversion rate of ounces to grams has been set at one ounce per 28.35 grams by the National Institute of Standards and Technology. Accordingly, the “true signification” of the English word “ounce” is a measure of weight equal to 28.35 grams. One need only look to the nearest dictionary to confirm this is the ease. See, e.g., Merriam-Webster’s Collegiate Dictionary, 1420 (11th ed., 2003).
Further, while weights and measures may not themselves qualify as “laws of nature,” which are physical laws,[3] they are certainly analogous. The legal construct of judicial notice is intended to preserve judicial efficieney by recognizing facts that are easily and objectively verifiable. It does not serve the interests of justice or efficiency to require a party to provide evidence that an ounce is equal to 28.350 grams any more than it would to require a party to provide evidence of the existence of gravity or any other universally recognized scientific fact.
Accordingly, the conversion rate of grams to ounces fits into the enumerated categories for judicial notice set forth in the Idaho Code, however, the majority still argues that conversion rates are not the proper subject of judicial notice under the Idaho Rules of Evidence because they are not “adjudicative.” I respectfully disagree.
For the reasons provided herein, I disagree with the majority’s conclusion that the district court was correct in its refusal to take judicial notice. In my opinion, the district court erred and this Court should take such judicial notice at the present time and affirm Defendant’s conviction for trafficking methamphetamine.

. See Black’s Law Dictionary 610 (7th ed. 1999).

. In the event of conflict between the Idaho Code and the Idaho Rules of Evidence, the Idaho Rules of Evidence control on issues concerning the admissibility of evidence. I.R.E. 1102. However, I see no conflict between the respective judicial notice provisions.

. See Black’s Law Dictionary 610 (10th ed. 1999).